IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ex rel. Bryon Demons #N34369, ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> Terry Polk, ) <br> Respondent. ) | 04 C 8166 <br> Judge George W. Lindberg |

## MEMORANDUM AND ORDER

Petitioner Bryon Demons, currently a prisoner incarcerated at Western Illinois Correctional Center, filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court asked respondent to submit a limited response addressing the issue of petitioner's request for a stay of proceedings, and the issue of exhaustion of state court remedies. Petitioner has failed to reply; however, he has submitted three motions for a stay and has also sought leave to submit an amended petition. The court construes his submissions together as a reply. For the following reasons, his petition is denied, the amended petition is stricken and the case is dismissed in its entirety.

I. **Background**

Before this court may reach the merits of Demon's federal habeas claims, it must consider whether he has exhausted his state remedies and avoided procedural default under Illinois law. *See Mahaffey v. Schomig*, 294 F.3d 907, 914-15 (7th Cir.2002).

This habeas petition was filed on December 17, 2004. Petitioner was convicted of criminal sexual assault on May 12, 1999. His direct appeal, in which he raised the same claims as in the instant habeas petition, was affirmed on July 27, 2000, and he was denied leave to file a

late petition to the Illinois Supreme Court on March 26, 2002. He filed a post conviction petition on December 14, 2000. The petition was dismissed on July 30, 2001; the appeal was dismissed on December 22, 2003 and the appellate court denied the petition for rehearing on January 29, 2004. (Post conviction issues raised on appeal were related to *res judicata* and *Apprendi* issues). The December 22, 2003 order from the appellate court states that the other issues petitioner raised were already considered by the court in his direct appeal. On May 26, 2004 the Illinois Supreme Court denied leave to appeal. Petitioner never filed a second post conviction petition; he claims this is due to "external impediments." He now seeks a stay so that he can hire a private investigator to try to obtain additional eye witness testimony and eventually file a second post conviction petition challenging the effectiveness of counsel.

## II. Exhaustion of State Court Remedies

An inmate who seeks to challenge a state conviction under 28 U.S.C. §2254 must first exhaust his state court remedies as to all his claims. *See Rose v. Lundy*, 455 U.S. 509 (1982). To exhaust state court remedies, a petitioner must give the state courts an opportunity to act on each of his claims before he presents them to a federal court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). State remedies are exhausted when they are presented to the state's highest court for a ruling on the merits or when no means of pursuing review remain available. *O'Sullivan*, 526 U.S. at 844-45, 847; 28 U.S.C. § 2254(c). Here, Demon has exhausted his state court remedies because no state court relief is available to him at this stage in the proceedings. This is because, based on the state court record submitted by respondent and this court's reading of state law, it is now too late for petitioner to file a second post conviction petition in state court.

## III. Procedural Default

Procedural default occurs when a petitioner fails to comply with state procedural rules. *Mahaffey*, 294 F.3d at 915. This occurs when the petitioner fails to pursue all appeals required by state law, *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991), or fails to fully and fairly present his federal claims to the state court, *O'Sullivan*, 526 U.S. at 844. It also occurs when the state court did not address a federal claim because the petitioner failed to satisfy an independent and adequate state procedural requirement; *Stewart v. Smith*, 536 U.S. 856 (2002). Here, petitioner's direct appeal, in which he raised the same issues he now raises in his habeas petition, was never heard by the Illinois Supreme Court, because on July 27, 2000, the Illinois Supreme Court denied him leave to file a late petition. Because he failed to follow the state procedural rules and the Supreme Court ruled that his petition was late, therefore, he has procedurally defaulted these claims.

Nevertheless, this court may still reach the merits of a procedurally defaulted claim if the petitioner establishes either cause for his failure to follow a rule of state procedure and actual prejudice, or that the default will result in a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). To establish a fundamental miscarriage of justice, the petitioner must present new and convincing evidence of his innocence by showing that it is more likely than not that no reasonable juror would convict him in light of the new evidence. *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

Cause exists where "some objective factor external to the defense impeded [the petitioner's] efforts to comply with the State's procedural rule." *Strickler v. Greene*, 527 U.S. 263, 282 (1999). Here, Demon failed to properly follow state procedural rules. Petitioner claims

only that "external impediments" kept him from filing a timely second post conviction petition. He does not say why he filed a late direct appeal. Thus, cause does not excuse his default. Moreover, an allegation of ineffective assistance of counsel is not, by itself, enough to establish prejudice. *See Pitsonbarger v. Gramley*, 141 F.3d 728, 737 (7th Cir. 1998). Since his hiring of the private detective to obtain additional witness testimony was to support his ineffective assistance of counsel claim, he has not shown that either cause or prejudice exists.

The fundamental miscarriage of justice exception is also inapplicable because "this relief is limited to situations where the constitutional violation has probably resulted in a conviction of one who is actually innocent." *Dellinger v. Bowen*, 301 F.3d 758, 767 (7th Cir. 2002), *citing Schlup v. Delo*, 513 U.S. 298, 327 (1995). To show "actual innocence," a petitioner must present clear and convincing evidence that, but for the alleged error, no reasonable juror would have convicted him. *Id.* Demon's petition does not contain any allegations of actual innocence. Thus, this exception does not apply.

### III. Conclusion

For the above reasons, Demon's § 2254 petition is denied. Petitioner's motions for stay are denied.[4, 17, 19] Any other pending motions are denied as moot. The case is dismissed.

DATE: MAY 1 9.2005

George W. Lindberg
United States District Court Judge

-4-